# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
MDD_ADCChambers@mdd.uscourts.gov

June 13, 2019

TO COUNSEL OF RECORD

Re: *Prosperity Systems, Inc. v. Shah M. Dildar*
Civil No. ADC-19-415

Dear Counsel:

Plaintiff filed this action alleging (Count I) Breach of Contract of a franchise agreement (Count II) Breach of Contract for post termination obligations, and (Count III) Common Law Unfair Competition. Defendant has filed a Motion to Dismiss (ECF 25) alleging that he is entitled to relief because the franchise agreement is unconscionable and there was a violation of the terms of the agreement mandating mediation. Plaintiff alleges Defendant breached a franchise agreement with Pizza Boli's. Plaintiff has filed a Response (ECF 26) and Defendant has filed a Reply (ECF 27). The matter is fully briefed and there is no need for a hearing. Local Rule 105.6.

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As stated in *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (internal citations omitted). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

In the present case, Plaintiff has pled sufficient facts to state a claim that is plausible on its face. *Ashcroft*, at 678. Plaintiff has alleged specific breaches of a franchise agreement. Plaintiff has included the franchise agreement and it is properly incorporated into the complaint. The issues that Defendant raises in his motion to dismiss do not address the factual sufficiency of the pleading, but rather go to the merits of the case. The Court notes that by their very nature - alleging that the franchise agreement was an unconscionable agreement and whether mediation was mandated for Plaintiff prior to litigation are issues of fact to be determined by the trier of fact. These arguments are spurious and unrelated to the complaint and do not test the sufficiency of the pleading. *King*, at 214. Therefore, the Motion to Dismiss (ECF 25) is DENIED.

Despite the informal nature of this letter, it is an ORDER of the Court and will be docketed accordingly.

Very truly yours,

A. David Copperthite
United States Magistrate Judge